

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JUN 29  A II: II

LORETTA G. WHYTE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


EUGENE B. TILTON, M.D.                    CIVIL ACTION

VERSUS                                    NO: 00-0032

AETNA U.S. HEALTHCARE                     SECTION: "R"(5)


**ORDER AND REASONS**

Before the Court is the motion of defendant, Aetna U.S.
Healthcare, for summary judgment seeking to dismiss this action
to recover an award of health benefits under the Employee
Retirement Income Security Act of 1974.  For the following
reasons, defendant's motion is denied.


**I.    BACKGROUND**

Plaintiff, Eugene B. Tilton, M.D., claims that Aetna
wrongfully denied him reimbursement for charges related to
medical services he performed on Beth Clark.  Aetna provided
health coverage to Ms. Clark through an employee benefit plan set
up by her employer, McCalla, Thompson, Pyburn, Hymotwitz &

DATE OF ENTRY
JUN 2 9 2000

Fee
Process
X   Dktd
CtRmDep
Doc.No

Shapiro, L.L.P.  The plan is governed by ERISA.

Dr. Tilton, a surgeon board certified in obstetrics and gynecology, performed surgery on Ms. Clark on June 18, 1999.  He subsequently submitted a claim form to Aetna, seeking reimbursement on behalf of Ms. Clark in the amount of $13,705. (*See* Opp'n Mot. Summ. J. Exs. 2, 3.)  On the claim form, Dr. Tilton separately coded several different procedures which were performed at the same time.  The codes for which Dr. Tilton sought payment include CPT 56310, 56307, 56303, 56304, 58400, 56306, 64727, 58350, 56351, 9982, and 99215.  (*See id.* Ex. 2.)

On July 19, 1999, Aetna paid Dr. Tilton $3,220 of the total charges and denied the remaining balance.  (*See id.* Ex. 3.) Specifically, Aetna paid Dr. Tilton $1,750 of the $2,500 he billed for CPT 56307, $630 of the $900 billed for CPT 58400, and $840 of the $1,200 billed for CPT 56351.  (*See id.*)  Aetna denied reimbursement in full for codes 56310, 56303, 56304, 56306, and 99215.  (*See id.*)  It indicated that these charges had been denied for reason "P," or because "[t]he covered medical expense is based on an Aetna determination of the reasonable charge in the area . . . as well as correction of procedure codes or application of multiple procedure percentage allowances."  (*Id.*) On October 29, 1999, Aetna paid Dr. Tilton an additional $18.38 on CTP 56307 and again denied payment in full on CPT 56310.  (*See*

*id.*)  On November 4, 1999, Aetna denied payment for codes 64772 and 56351. (*See id.*)  Accordingly, the record indicates that Aetna has paid Dr. Tilton $3,238.38 for the services he rendered to Ms. Clark.

Dr. Tilton subsequently requested that Aetna reconsider the portions of the claim which it had denied.  (*See id.* Ex. 4.) Aetna upheld its original denial of benefits on September 22, 1999, stating that its medical consultant had reviewed the information submitted by Dr. Tilton.  Aetna stated that it considered the surgery to be a multiple procedure and had taken into account the American Medical Association's position on CPT coding of multiple procedures.  Aetna further stated that because the action involved a clinical decision, the denial would continue through the appeals process, and Dr. Tilton would receive a final determination within 60 days.

On October 26, 1999, Aetna sent Dr. Tilton its final determination. (*See id.* Ex. 6.)  In the letter, Aetna indicates that Dr. Tilton's appeal had been reviewed by two physicians, including a second physician, Dr. Donald West, who was not involved in the original decision.  Aetna determined that CPT 56307, laparscopy enterolysis, was the primary procedure, for which it "allowed $3,300 as reasonable and customary."  *Id.*  It then covered $1,326.25 as a partial benefit (25% of reasonable

and customary) for CPT codes 56310, 56351, 64772.  (*See id.*)
Aetna disallowed codes 56304 and 99215 as included in the primary
procedure and thus not allowed for separate reimbursement;
disallowed codes 56303 and 56306 on the grounds that a "biopsy of
a lesion that is subsequently removed should not be reported;"
and disallowed CPT 64727 because that code requires the use of an
operating microscope and stated that codes 58400 and 64727 should
have been combined and coded as CPT 64772, which was allowed at a
reduced benefit.  (*See id.*)  Finally, Aetna indicated that the
claim had been reprocessed in accordance with these
determinations and that "[a]ny additional payment will follow
under separate cover."  (*Id.*)

Dr. Tilton filed suit in state court as Ms. Clark's
assignee, and defendants removed the case to this Court on
January 5, 2000.  On May 12, 2000, more than four months after
Dr. Tilton filed suit, Aetna referred Dr. Tilton's claim to the
Center for Health Dispute Resolution, an organization which
independently reviews claims decisions made by managed health
care organizations, for an external review.  (*See* Mot. Summ. J.
Ex. A, Lewis Aff. ¶ 7.)  Aetna requested that CHDR have the claim
reviewed by a practicing physician who was board certified in
obstetrics and gynecology, as well as by a Registered Health
Information Technologist.  (*See id.* ¶ 8.)  After reviewing the

claim, CHDR opined that "the reimbursement schedule as put forth by the health plan is appropriate in accord with established coding protocols." CHDR recommended that Aetna reimburse Dr. Tilton for the following codes: 56307, 58350.51, 58351, 56310, 64772. (*See* Opp'n Summ. J. Ex. 5, at 3.)

## II. DISCUSSION

ERISA does not contain a standard of review for actions challenging benefit determinations. Rather, the appropriate standard has been set forth in caselaw from the Supreme Court and the Fifth Circuit and depends upon whether the district court is asked to review an issue of plan interpretation or a factual determination by the plan administrator. In *Firestone Tire & Rubber Co. v. Bruch*, the Supreme Court held that an administrator's denial of benefits is reviewed *de novo,* unless the benefit plan gives the administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. 101, 115, 109 S. Ct. 948, 956-57 (1989). If the plan grants such discretion, a court will reverse an administrator's decision only for abuse of that discretion. *See id.* Regardless of the discretion granted an administrator, however, the Fifth Circuit has held that all factual determinations under ERISA plans are to be reviewed under an

5

abuse of discretion standard.  *See Meditrust Fin. Servs. Corp. v.
The Sterling Chemicals, Inc.*, 168 F.3d 211, 215 (5th Cir. 1999)
(*citing Pierre v. Connecticut Gen. Life Ins. Co.*, 932 F.2d 1552,
1562 (5th Cir.), *cert. denied*, 112 S. Ct. 453 (1991)).  *See also
Chabert v. Provident Life & Accident Co.*, 1994 WL 374213, at *4-5
(E.D. La. July 11, 1994) (reviewing factual determinations for
abuse of discretion even when plan did not confer discretion on
administrator).

Here, Aetna has not attached a copy of the McCalla, Thompson
Benefit Plan, and the Court thus cannot determine whether the
Plan gives Aetna discretionary authority to determine eligibility
for benefits or to construe the plan terms.  The Court
nevertheless applies the abuse of discretion standard because the
case involves factual determinations regarding the reasonableness
and the medical necessity of the services provided by Dr. Tilton.
Under the abuse of discretion standard, the Court considers
whether the plan administrator's actions were arbitrary and
capricious.  *See Meditrust,* 168 F.3d at 215; *Sweatman v.
Commercial Union Ins. Co.*, 39 F.3d 594, 601 (5th Cir. 1994)
(*quoting Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011,
1014 (5th Cir. 1992)).  The Court must determine if substantial
evidence exists in the record to support the decision.  *See
Meditrust*, 168 F.3d at 215.  Substantial evidence "is more than a

mere scintilla.  It means such relevant evidence as a reasonable
mind might accept as adequate to support a conclusion." *Girling
Health Care, Inc. v. Shalala*, 85 F.3d 211, 215 (5th Cir. 1996)
(*quoting Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.
1420, 1427 (1971)); *accord Rhodes v. Panhandle Eastern Corp.*,
1993 WL 346188, at *8 (E.D. La. Aug. 31, 1993) (substantial
evidence requires more than a scintilla but less than a
preponderance) (internal quotations omitted) (*quoting Sandoval v.
Aetna Life and Cas. Ins. Co.*, 967 F.2d 377, 381 (10th Cir.
1992)).  The court charged with reviewing the denial of benefits
under an ERISA plan may not substitute its judgment for that of
the plan administrator.  *See Rigby v. Bayer Corp.*, 933 F. Supp.
628, 633 (E.D. Tex. 1996) (*citing Denton v. First Nat'l Bank of
Waco*, 765 F.2d 1295 (5th Cir. 1985)).  *See also Pierre,* 932 F.2d
at 1559 ("[t]he Courts simply cannot supplant plan
administrators, through de novo review, as resolvers of mundane
and routine fact disputes") (citation omitted); *Kolodzaike v.
Occidental Chem. Corp.*, 88 F.Supp.2d 745, 749 (S.D. Tex. 2000)
("just because this court may have conducted the investigation
differently . . . does not mean that the Administrator abused her
discretion").  Rather, the Court "need only assure that the
administrator's determination fall[s] somewhere on a continuum of
reasonableness - even if on the low end." *Vega*, 188 F.3d at 297.

7

At the outset, the Court notes that Aetna has not provided any information regarding the Plan's administrative review process. For purposes of this motion, the Court assumes that the Plan provides for an initial and appellate review of a benefits' denial, which apparently occurred here on September 22 and October 26, 1999. Aetna also seeks to rely on the decision rendered by the CHDR upholding its denial of benefits. It is unclear whether the Plan provides for this external review. Moreover, the review was conducted after Dr. Tilton filed suit. This Court's review of whether an administrator abused its discretion in making factual determinations is limited to the administrative record before the administrator. *See Vega*, 188 F.3d at 299 (collecting cases); *Wildbur*, 974 F.2d at 639. The Fifth Circuit has made clear that "the administrative record consists of relevant information made available to the administrator <u>prior to the complainant's filing of a lawsuit</u> and in a manner that gives the administrator a fair opportunity to consider it." *Vega*, 188 F.3d at 300 (emphasis added). In declining to remand a case to the plan administrator to allow him to make a more complete record, the *Vega* court reasoned that since "the claimant only has an opportunity to make his record before he files suit in federal court, it would be unfair to allow the administrator greater opportunity at making a record

8

than the claimant enjoys." *Id.* at 302 n. 13.  Based on the foregoing, the Court will not consider the external review rendered by CHDR as that review occurred after Dr. Tilton filed suit and therefore falls outside of the administrative record reviewable by this Court.

Here, Aetna's Certificate of Coverage provides that Aetna will not cover medical expenses for unnecessary services and unreasonable charges, both "as determined by Aetna."  (See Mot. Summ. J. Ex. B, at 22.)  The reasonable charges for a service are defined as the lowest of (a) the provider's usual charge for furnishing it; (b) the charge Aetna determines to be appropriate based on factors such as the cost of providing the same or a similar service and the manner in which charges for the service or supply are made; and (c) the charge Aetna determines to be the prevailing charge level made for it in the geographic area where it is furnished.  (*See id.*, Certificate Rider AGT-368.)  The Court is persuaded that the decisionmaking process Aetna used to assess and review Dr. Tilton's claim was reasonable.  *See Gulf South Medical and Surgical Inst. v. Aetna Life Ins. Co.*, 39 F.3d 520, 522 (5th Cir. 1994).  The Aetna claims department denied Dr. Tilton's claim in part based on a physician review by Dr. Pierre Malik.  Aetna's reconsideration of Dr. Tilton's claim involved a second review by Dr. Donald West, a member of the Faculty of the

American College of OB/GYNs.  (*See* Mot. Summ. J. Ex. A, West
letter dated Oct. 14, 1999.)  Dr. West considered Dr. Tilton's
claim in light of the standards published by ACOG for proper
procedural coding.  Dr. West reviewed each code submitted by Dr.
Tilton, and his determinations regarding which codes should be
reimbursed at full benefit, which should be paid at a reduced
rate, and which should be disallowed, were adopted by Aetna in
its final determination of October 26, 1999.

     Contradictions in the record between statements made by
Aetna in its final determination letter and its payment actions
preclude summary judgment here, however.  In its October 26th
letter to Dr. Tilton, Aetna stated that it considered CPT 56307,
rather than CPT 56310, to be the primary procedure and allowed
$3,300 as reasonable and customary for that procedure.  It
further indicated that it covered $1,326.25 as a partial benefit,
representing 25% of the reasonable and customary fee for codes
56310, 56351, and 64772.  As Dr. Tilton notes, the record reveals
that Aetna paid only $1,175 for CPT 56307, despite his bill for
$2,500, and never paid Dr. Tilton for codes 56310 and 64772.
Although Aetna's letter suggested that it would forward "any
additional payment," Dr. Tilton's June 8, 2000 affidavit confirms
that he has been reimbursed only $3,238.  (*See* Opp'n Summ. J. Ex.
8.)  The Court notes that a document attached to Aetna's summary

10

judgment motion suggests that as of March 28, 2000, the amount that "COULD BE PD" to Dr. Tilton arising from his services for Ms. Clark on June 18, 1999, totals $3,875. (*See* Mot. Summ. J. Ex. A.)  Because Aetna's final determination contradicts its actions in denying payment to Dr. Tilton, the Court cannot find as a matter of law that its determination was not arbitrary and capricious.  The Court must therefore deny summary judgment.

**III. CONCLUSION**

For the foregoing reasons, Aetna's motion for summary judgment is DENIED.

New Orleans, Louisiana, this 29th day of June, 2000.

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE